UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  04-21129-CIV-HUCK/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAINTALUS PIERRE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT

This matter arose upon Plaintiff's Motion For Rule To Show Cause (DE # 14, filed 10/16/06), which is referred to the undersigned Magistrate Judge (DE # 12).  For the reasons stated below, the undersigned recommends that Saintalus Pierre be held in contempt of Court based upon his failure to comply with this Court's Order requiring his attendance at a deposition and his failure to comply with this Court's Order directing him to appear in Court on November 17, 2006,  for a hearing on the motion; that a warrant be issued for his arrest and that he be held in custody until he complies with the Court's Orders; and that he be ordered to pay attorney's fees in the amount of $180.00.

The undersigned makes the following findings of fact, which were proven by clear and convincing evidence, and which are certified to the District Court as establishing contempt of court.[1]

The Complaint alleges that the Defendant failed to repay two federally guaranteed student loans (DE # 1).  On June 22, 2004, this Court entered a default judgment in the

---

[1] The facts are established by the record, and by the testimony at the hearing given by process server Alonso Martin, Jr.  and attorney Jennifer Margolis, Esq.

amount of $10,095.78 against the Defendant (DE # 10).

Thereafter, on August 4, 2006, the United States filed a Motion to Compel the Defendant's appearance at a deposition in aid of execution of the judgment (DE # 11). The Defendant failed to respond to this Motion. On August 28, 2006, the undersigned Magistrate Judge entered an Order Granting, by Default, Plaintiff's Motion to Compel, and Ordered the Defendant to appear at the next deposition scheduled by Plaintiff's counsel, with the documents set forth in the deposition notice (DE # 13). Plaintiff's request for sanctions was denied without prejudice to renew if the Defendant failed to comply with the order (DE # 13).

In the Motion for Rule to Show Cause, Plaintiff alleged that on September 12, 2006, Plaintiff served Defendant with a subpoena duces tecum for a September 27, 2006 deposition, and Defendant did not appear for the deposition. Plaintiff asked this Court to order Defendant to show cause why Defendant should not be held in Contempt of Court for failing to appear at the September 27, 2006 deposition and why Defendant should not pay Plaintiff's attorney fees regarding this matter.

On October 18, 2006, the undersigned entered an Order granting Plaintiff's Motion for Rule to Show Cause, and set a hearing for Friday, November 17, 2006 at 2:00 p.m. The Order expressly directed Defendant Saintalus Pierre to "appear at Courtroom XI, United States Courthouse, 300 N.E. 1st Avenue, Miami, Florida 33132 and show cause why: 1) he should not be held in Contempt of Court for failing to appear for deposition as previously ordered; 2) he should not be held in Contempt of Court for failing to comply with this Court's August 28, 2006 Order; and 3) the attorney's fees and costs incurred by Plaintiff should not be imposed against him" (DE # 15). The Order further stated, "Defendant is placed on notice that failure to appear at this hearing may result in

**Defendant's arrest and incarceration until he complies with the Court's Orders."**

**Defendant Saintalus Pierre failed to appear at the hearing. The undersigned finds that the testimony presented at the hearing from process server Alonso Martin, Jr. and attorney Jennifer Margolis, Esq., is credible. This testimony, combined with the evidence in the record, establishes that on September 12, 2006, at 2:52 p.m., a copy of this Court's Order dated August 28, 2006, together with a subpoena duces tecum requiring the Defendant to appear for a deposition on September 27, 2006, at 10:45 a.m. was served by process server Alonso Martin, Jr. on Therese Gueges at 4500 N.W. 1st Ave., Miami, FL 33127. This address is owned by Roger and Marie Gueges, and is the address which the Defendant provided as his home address during a deposition he gave on July 13, 2005. Therese Gueges stated that she resided at this address, and that the Defendant also resided there, although he was not present at the time of service. Plaintiff's counsel has sent correspondence to this address on several occasions in June 2006, August 2006 and October 2006, and none of the correspondence has been returned.**

**On September 27, 2006, the Defendant failed to appear for his deposition. Counsel for Plaintiff has not received any communications from the Defendant, and has not been able to call him since the telephone number she previously used to reach him has been disconnected.**

**The Order to Show Cause entered by this Court on October 18, 2006, was sent via U.S. Mail to the Defendant at the above address, and it has not been returned to the Court as undeliverable.**

**The District Court's power to find Defendant in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its**

lawful orders.  *United States v. Barnette*, 129 F.3d 1179, 1182, fn. 7 (11th Cir. 1997), citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991); *Popular Bank of Florida v. Banco Popular De Puerto Rico*, 180 F.R.D. 461, 465 (S.D. Fla. 1998).

The Court finds, by clear and convincing evidence, that Defendant Saintalus Pierre had notice of the Court's August 28, 2006 Order compelling him to appear at his next scheduled deposition, and the subpoena duces tecum which required his appearance on September 27, 2006, for a deposition; that he failed to appear at that deposition; that he had notice of this Court's October 18, 2006, Order which required him to appear in Court to show cause why he should not be held in contempt of Court, and that he failed to appear in Court as required.

Under the circumstances of this case, the undersigned finds that the only way to obtain compliance with this Court's Orders is to arrest the Defendant and hold him in custody until he purges himself of the contempt.

In addition, Plaintiff has requested attorney's fees in the amount of $180.00, which is supported by a statement setting forth the time expended, and which has not been contested.  The hourly rate and the time expended are reasonable under the circumstances of this case, and the undersigned recommends that the request be granted.

Therefore, based upon the foregoing findings and analysis, it is hereby

**RECOMMENDED** that the District Court: 1) enter an Order holding Defendant Saintalus Pierre in civil contempt for failure to obey this Court's August 28, 2006 Order requiring him to appear at his deposition, and for failure to appear in front of the undersigned Magistrate Judge to respond to the Order to Show Cause; 2) issue a

warrant for Defendant Saintalus Pierre's arrest; 3) enter an Order that Defendant Saintalus Pierre be held in custody until he purges himself of contempt by complying with the Court's orders; and 4) Order that he pay attorney's fees in the amount of $180.00 to Plaintiff.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Miami, Florida, on December 1, 2006.

*[signature]*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck,
   United States District Judge
Jennifer A. Margolis, Esq.,
   Fax: 305-666-9714
   (Counsel for Plaintiff)
Saintalus Pierre
   4500 N.W. 1st Avenue
   Miami, FL 33127